Good morning, everyone. Welcome to the Ninth Circuit. We are delighted to see you here this morning. We have just three cases on the calendar. I will call them in the order that they appear. The first two cases have been submitted on the briefs, but the first case for argument is City of Albany v. CH2M Hill, Inc. If counsel for that case are ready, we will hear from you. Good morning, Your Honors. Welcome to Portland. You may please the court. Tom Sondag appearing on behalf of the appellant, CH2M Hill. This case involves the interpretation of an agreement. Are you suggesting this agreement is ambiguous? We think it is. And this Court's decisions recognize that a waiver of federal jurisdiction must indeed be clear. And so the question is whether this contract unambiguously excludes federal jurisdiction. And to your point, Your Honor, this Court does not need to be convinced that our proposed interpretation of the agreement is the only reading one could give this agreement. Well, if it's ambiguous, Counselor, why should then I suggest that your proposal is the right one? Why not remand and have a hearing? Well, the parties had an opportunity, Your Honor, to put in any extrinsic evidence that they felt... I understand, but what did this come up to? It came up, the district court remanded, here we are, we had an opportunity to hear what had to be said, but if, in fact, you're going to say this is an ambiguous agreement, why don't we send it back and let the parties talk to us about what they intended? Because, Your Honor, the interpretation of whether we're excluding federal jurisdiction here by agreement is a matter of federal common law. But it is certainly a matter of contract interpretation as well. And the contract interpretation would certainly be as per the agreement of the parties, and if the parties then would come in and tell me about it, I'd be able to make that decision. But this Court has held that in the absence of extrinsic evidence, if the contract is ambiguous, it will rely on the doctrine of contra preferentum and construe it against the drafter, the City of Albany here. The Court said that... You're suggesting that CH2M Hill entered into this agreement and had not one thing to say about what was in it? Well, it is undisputed that the City of Albany drafted this agreement, Your Honor. Well, but just because one drafts an agreement doesn't mean that the other party didn't have a chance to enter into negotiations about what would be in the agreement. I didn't see anything in the record which would suggest that you were bound by what the City of Albany wrote. This is correct, Your Honor, but there's no indication of any aspect of the parties' contract negotiations. Well, but the bottom line is not whether it's just nobody argued about it. The bottom line is if you're going to construe it against the drafter, then the people who are on the other side of the drafter have to have some. They couldn't negotiate. They were bound thereby. There was no way to get around it, and here we have a contract that says venue for the litigation shall be in Linn County, Oregon. CH2M Hill is certainly not a minor party like a local business. They're a big business, and they're dealing with the City of Albany. Albany can't be the biggest city in the world. I don't know how it relates to poor old Pocatello, but it can't be the biggest city, so I'm just, again, why are we there? Well, because this Court's decisions put us in this situation, Your Honor. First of all, I am going to argue why we believe our interpretation of the agreement is the correct one. So it's not ambiguous then? No, I believe that under this Court's decisions, that if it is ambiguous, this Court's decisions provide that it will apply the doctrine of contra preferentum. It says that in the Hunt-Wesson case. It has said that in the Northern California laborers case. What do I do with Siminoff? I got language in Siminoff which says a forum selection clause that vests exclusive jurisdiction and venue in the courts in a county provides venue in the state and federal courts located in that county. Correct. And there is no federal court located in Linn County. Correct. And, Your Honor, the issue in Siminoff was indeed the flip of this. There was a federal courthouse. It wasn't flip. It just so mattered that Judge McEwen had a federal court and a state court in the same county so they could have it both places. And then she wrote, and that's the language I quoted, it vests in the state and federal courts located in that county, making it totally about location. True. And she also found in that case it was unambiguous. It was unquestionable. Well, it's unambiguous here. It's to be in Linn County. No, Your Honor, it's not. And I'm going to talk about the language soon, but I do want to point out that in that case the court found it unambiguous and therefore did not have to reach. If it had found it ambiguous, it would have construed it against Expedia. That was the party that was seeking that interpretation. And it would have because this court has said that repeatedly. If it's ambiguous, we're going to construe it against the drafter. It's undisputed that Albany is the drafter of this agreement. Now, I would like to talk about a difference between the language in our provision and in the Siminoff case that I think is significant. If you look at this court's cases, often there is a provision regarding jurisdiction of a court. That was so in Hunt-Wesson. That was so in Northern California Labors. That was so in Docksiders. That was so in Siminoff. There is no – this agreement does not provide that an Oregon state court has jurisdiction. Second, in Siminoff, the provision said venue shall be in courts in King County. And now let's look at our agreement. Our agreement says venue for litigation shall be in Lynn County. It does not refer to courts in Lynn County. It does not refer to courts of Lynn County. Well, if it said of, we'd have no problem based on our precedent. That's correct. But the fact is they said in, and I have Siminoff here. I'm having a tough time saying why then do we go to federal court? Because Siminoff did not need to reach this issue. I think we're agreed that Siminoff did not need to reach this issue with a federal court in King County. And this is a different provision, Your Honor. It does not provide courts in – What do I do with the Second and the Fourth Circuit decisions? We think this court should apply – we think that this court's decisions provide – But just a minute. Yes. Before you get there, think about it. You're suggesting that the Siminoff decision didn't get there and then had it dead in front of it if it had had it outside of King County. But now then I look for other courts who have looked at this same provision and I have the Second Circuit and I have the Fourth Circuit and they both say where it says in and it's in Lynn County and it's the location of Lynn County, it's done. Why should I make the Ninth Circuit different than them? Because I think this court needs to – those courts' decisions are certainly instructive. And the parties have briefed a lot of cases from a lot of different jurisdictions on this issue. I'm not worried about a lot of decisions. I'm worried about sister circuits who have addressed the same issue and you and I have come to an equal decision about the fact, well, Siminoff didn't quite get there because they were both located in King County. So then I look at the Second Circuit and the Fourth Circuit and they say they're in Lynn County. And I think that's what a lot of the district courts have done, Your Honor. But I think this court has an opportunity to look at the words of this agreement and its cases and decide this issue. And I will say that Judge Graber certainly found a provision very similar to this one. This is the only case in the Ninth Circuit that deals with this issue. And, yes, I will acknowledge it is an unpublished decision. And, yes, I'll acknowledge that Judge Graber wrote this in dissent. But it was critical to her ruling, and this is a judge of this court that found our interpretation of the agreement to be plausible. And she didn't require publishing, and she writes it in the dissent, and thus I'm bound? No, you're not bound. But, again, I believe it's instructive of the issue that we have presented here based on this court's decision. Counsel, I wanted to follow up on your argument that apparently there's a difference between venue for litigation and courts, the proper court for litigation. Is that your position, that this should be interpreted differently because it says venue as opposed to court? I do think that the omission of the word courts of or courts in is an important omission. Did the Fourth Circuit case, did that have courts or venue, do you know? The Fourth Circuit case did not. It said the county in which the facility is located shall be the sole and exclusive venue for any dispute. Well, and I think that goes to my question. It's an interesting argument. I didn't pick up on it. Maybe you made it in the briefs. I didn't pick up on it. But in my mind, as you give that argument, it doesn't strike me that venue and courts have enough distinguishing difference just on the basis of those words alone. Yeah, but I do think that, and this is where I believe it's telling, is what we're doing here. Look, venue is locational. I think we can agree on that. But it does not necessarily mean the location of a courthouse. And so the omission of the word courts, I think, is significant. Another meaning, and this court has said, venue is the authority of a court to exercise jurisdiction over a place. This court has said that the Eugene Division, which has Linn County within it, is indeed a territory over which the trial court has jurisdiction. That's the blacks' definition, right? And when we look at these words and we look at this court's decisions, I think our interpretation here is plausible. It's plausible. Let me back you up just a little bit. Okay, you've probably written a lot of agreements, being counsel for CH2M Health, and writing these agreements when you're saying venue for litigation shall be in Linn County, why would you put that in an agreement? You probably put that in an agreement because you wanted Linn County judges and Linn County juries to decide this, and you'd be anxious that those be the ones who do it. And so when the parties put in, and we're reading this based on the common, ordinary language of the agreement, you're saying to yourself, these are the jurors and the judges they wanted, Linn County. Now, if there were a federal court in Linn County, they'd be having judges and jurors from Linn County in federal court, but federal court might have jurors outside of Linn County. But if you're talking about a state court, they'd only have those jurors. And so what you're really asking us to do, a big corporation having entered into this agreement, not fighting it, you're asking us to say, this is all ambiguous, judges, so therefore put in all this legalese to suggest that we're not going to have jurors in Linn County at all. We're going to have jurors in all of eastern Oregon. Yes, eastern Oregon.  It's the valley, actually, Your Honor. And it will have members of Albany, of the county of Linn County. They'll have some in Albany, but I know what it's like in Idaho. I'm just trying to show you when you're looking at the common, ordinary language what you're asking me to do. Well, I will tell you, you asked what would I think if I'm CH2MO. I certainly would think that I've given up the right to litigate in Florida where we are incorporated. But I do not necessarily understand from that provision that I'm giving up the right to be in federal court, not based on the Ninth Circuit decisions that control here. And I do think, Your Honor, that the court needs to look at that, and the fact that there's an ambiguity there, and what this court's cases say when there's an ambiguity is important. You know what? You are almost out of time. Why don't you pause? We'll give you a couple of minutes for rebuttal, and let's hear from your opponent. Thank you, Your Honor. Next, Hans. May it please the Court? I'm Paul Bearley for Plaintiff Appellee, City of Albany. Unless you have questions for me now, I'd like to talk a little bit about the Docksider case. This case is a lot like the Docksider case. The venue clause there said that a venue shall be deemed to be in Gloucester County, Virginia, and that's functionally identical to the clause that we have here because both of them say venue shall be in a particular county. And then the court in Docksider said that that venue clause clearly designates the state court in that county as the exclusive forum, and I think that's exactly the result that we're asking for here. The point that they've been making about Docksider and some of these other cases is that in Docksider, there was another sentence that preceded the venue clause, and it was a consent to jurisdiction clause. And when the court in Docksider talked about that consent to jurisdiction clause, it referred back to its prior decision in Hunt-Wesson. And in Hunt-Wesson, the operative clause was only a consent to jurisdiction clause. That's all that was there. And the court in Hunt-Wesson said that when you have only a consent to jurisdiction clause, that isn't enough to get you a remand or dismissal because it's permissive language. It doesn't require anybody to do anything. It's not like the mandatory language of the venue clause. So that was the holding of Hunt-Wesson. And then in Docksider, after the court talked about that, it applied that to the two sentences before it, and it said that the consent to jurisdiction clause doesn't really get us anywhere. The critical language that drives the result is the venue clause, and that's what we have here. So you don't need both of those sentences. You just need the venue clause. But as counsel has aptly argued, it's somewhat, I guess I want you to tell me why it's not ambiguous when one says venue for the litigation shall be in Linn County, Oregon, when there are two courts who have jurisdiction in Linn County, just one is located there and one isn't. It's unambiguous because, well, so many courts have held that exactly, that when you have a venue clause that directs litigation to be in a specific county and there's no federal courthouse there, then that's... Well, not so many. The second and the fourth are with you, but there are others who are against you. But I guess what I'm worried about is what we're really allowing somebody to do is based on a venue clause, we're allowing them to restrict federal jurisdiction. What they're really asking you to do is to layer a legal fiction on top of what is otherwise very clear language. And that legal fiction that they want to layer on top is they want you to say that a federal court is, quote-unquote, in every county within its district. But venue for the federal court is in every county, isn't it? Yes, that's true. Are you agreeing to that, that venue is in every county or is venue in a district? Venue is in the district. That's correct. I've lost the thread of your question. Well, I think I started it with the question of you said you were focused on location, that the courthouse wasn't located there. But I guess my question was, is venue located there? And that's a distinction that I'm focused on, is the difference between venue and the physical location of the court. Yeah, you know, Judge Smith, for the last sentences in the Simonoff decision, I think they addressed that. They say when a venue clause vests venue in the courts in a county, it provides venue in state and federal courts located in that county. And so there's no point in talking about the physical boundaries of a county  unless the decisions of the other circuits were done. So your position is that federal court venue does not exist in Linn County, then? That's correct. I'm sorry. I understand your client's position, but tell me if I'm wrong. Your client is basically indifferent as to whether litigation occurs in state or federal court. You just wanted to make sure that it occurred geographically in Linn County. And so I gather if by some miracle between the time of the signing of the agreement and now the federal court opened a new courthouse in Linn County, you'd have to acknowledge that you would be subject to having a litigate in federal court, right? We're not indifferent to whether it's in state or federal court. We specifically bargain for venue in the state court in Linn County. Well, if that were so important, I think you would have said, as your opponent argues, the better drafted provision would have said in the courts of Linn County. And you didn't say that. So unless you're going to tell me that you or your colleagues who drafted this agreement went and checked to make sure that there was no federal courthouse in Linn County, it seems to me that I would read into this that you're indifferent as to whether it's state or federal. You just want to make sure that we don't have to travel to some other county to actually litigate the case. I would concede that if there were a federal courthouse in Linn County, then it would be proper in either one. But there isn't. But I'd like to point to one other thing. And in order to do this, we have to look at part of the record. It's ER 24. I'm hoping you have a paper copy available. You can pull it up on your screen. ER 24 is the page where this clause actually shows up in the contract. And what I want to direct your attention to is the heading. And the heading is just three words. It says, Court of Jurisdiction. That's singular.  It's a court of jurisdiction. And the balance of that venue clause identifies the court of jurisdiction as being in Linn County. But my point, though, is simply if it was so important to your client to make sure that litigation would occur only in state court, this doesn't protect you, given our decision in Siminoff, because federal courts could pop up anywhere. And if one popped up in Linn County, you would be subject to having the suit removed, even under the provision that you've drafted. So I'm just saying this is not – if you're saying the most important thing to us was that we would never, ever have to litigate in federal court, I'm just saying this is not the ideal way to accomplish that end. I would concede again that if there were a federal courthouse in Linn County, we would be subject to jurisdiction there. But there isn't. And the intent of the parties was to be in Linn County. The Linn County courthouse is directly across the street from the Albany City Hall. This contract has to do with a multimillion-dollar water treatment plant, and the wetlands are just a couple of miles down the street from the City Hall. The clear intent of this venue clause was to minimize the cost to the taxpayers of Linn County for any dispute. And if there is a dispute, that it would be in Linn County, and that's what the parties bargained for. Is this a standard clause that the City uses? I assume that the City signs numerous contracts every year. Is this one that the City would demand be in every contract? A venue clause in general, yes. A venue clause in Linn County? You know, it's not in the record as to whether or not this is standard or how many contracts it appears in. I can tell you the answer is yes, but that's not in the record. Has it been litigated? I couldn't find any other cases. Are there state court cases that have addressed this question? No, there's one that's percolating but not filed yet. Where is that one percolating? The City of Lebanon. I guess the biggest problem and the one that is giving me the most trouble with your argument is that 28 U.S.C. 1441A suggests that one can properly remove a case to federal court and the district court, federal district court, and it can be removed from any place where an action is pending. The venue statutes would reflect the Congress' intent that venues should always lie in some federal court whenever courts have personal jurisdiction over the defendant. And what we are doing, if we follow your idea, is we are allowing you to say that the venue of this contract, the venue provision of this contract would restrict federal venue because of geographic bounds of a certain county. Would you respond to that? I beg your pardon? How do you respond to that? Well, there is case law that says that the removal statutes have to be strictly construed against removal. And like the Supreme Court said in Bremen, clauses like this are presumptively valid and should be enforced. Would that answer differ whether this was based on federal question jurisdiction versus diversity jurisdiction? I can't think that it would. What about if it were exclusive federal jurisdiction, such as an Admiralty case? It might. Well, what's the basis for the distinction on those? Why would you be able to, as counsel pointed out, do you agree that federal jurisdiction has to be waived unambiguously? You know, I think there's a little tension in the case law about that. In some circuits, the waiver has to be clear and unequivocal. But I think there's a distinction in the Ninth Circuit case law where if the waiver is through litigation behavior, then it has to be clear and unequivocal. But that same standard doesn't necessarily apply, hasn't applied when we're talking about form selection clauses. All right. I'm getting close to my time. Unless you have any other questions, that's all I have for you. Okay. Thank you. If we could put two minutes on the clock for counsel. Thank you, Your Honor. I do think, Judge Smith, that the language of Section 1441A is significant here. It clearly permitted us to remove this action to federal court. And what this Court's cases say, that if we have waived that broad right to remove it, it must be clear in the agreement that we have done so. The requirement that one strictly construe the removal statute has no application here. There's no debate that this was properly removed under the statute. The question is whether this agreement waives our right to remove, whether this agreement requires a foreign defendant to litigate in an Oregon State court this highly technical case without expert discovery because it's given up its right to remove to a court that clearly has jurisdiction over Linn County. I guess I just don't see how you get around the basic fact that if you're allowed to remove this action, the litigation won't occur in Linn County. And that's what you agreed to. You agreed it would occur in Linn County, and if you remove and we allow that, litigation will occur in some other county, and that's in direct contradiction of the plain language of what your client agreed to. A couple things. First, the Eugene Division can conduct proceedings in Linn County if it wishes to do so. It's statutory. I think I can say with some assurance it ain't going to happen. The litigation, if it goes forward, it's going to happen in Linn County. We would join in a motion to have that trial in Linn County, and that's the second point I'd like to make. But isn't that, I mean, it raises a bigger problem, which is that we're going to allow parties to dictate to federal courts where litigation takes place. That's exactly the point, Your Honor. If parties are going to dictate where it should take place, they should be clear about it. And I think this Court has made quite clear, and I certainly agree, this provision could be a heck of a lot clearer that you were intended to be only in, that you were excluding federal court from your jurisdiction. Okay. Thank you very much. The case, as argued, is submitted.
judges: N.R. Smith, Watford, R. Nelson